UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EUGENIO GARCIA ET AL** | **:** | **CASE NO. 2:23-CV-01807** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **INDIAN HARBOR INSURANCE CO ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a motion to remand filed by plaintiff, Eugenio Garcia, individually and on behalf of his minor child, M.D.G.R.("Plaintiff"). Doc. 9. Removing defendant Indian Harbor Insurance Company ("Defendant") opposes the motion. Doc. 13. Plaintiff argues that the removal of this matter to federal court was untimely under 28 U.S.C. § 1446(b), requiring remand. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein, **IT IS RECOMMENDED** that Plaintiff's motion to remand be **DENIED**.

### I.
#### BACKGROUND

On July 31, 2023, Plaintiff filed a civil action in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, bearing docket number 2023-2831-G, on behalf of himself and his minor son (the "Petition"). Plaintiff alleges that he was injured on or about August 5, 2022, when a piece of machinery hit him in the back. Doc. 1, att. 2, p. 2-3. The Petition identifies Mike Balderas and Reginald L. Toussant, employees of Spartan Specialty Company, LLC, as the driver and operator of the machinery. *Id.* at ¶ 5. The Petition names as defendants Spartan Specialty

Companies, LLC; Mike Balderas; Reginald L. Toussant; and their alleged liability insurer, Indian Harbor Insurance Company. *Id.* at ¶ 7.

Defendant removed the case, asserting that this Court may exercise diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Doc. 1. The Notice of Removal asserts that the removal is timely because Defendants first became aware of the amount in controversy 25 days earlier, on December 4, 2023, when they received discovery responses and medical records illuminating the extent of Plaintiff's injuries. Doc. 1, pp. 4–5.

Plaintiff filed a timely Motion to Remand. He argues that the amount in controversy was clear 58 days prior to the removal, on November 1, 2023, when Plaintiff provided Defendants with earlier discovery responses that were specifically directed to whether the federal jurisdictional threshold had been met. In those responses, Plaintiff refused to admit that his damages exceed the $75,000 jurisdictional threshold and refused to stipulate that his damages were below the $75,000 jurisdictional threshold. Doc. 9. These responses, argues Plaintiff, impliedly admit that the amount in controversy exceeds $75,000. *Id*. Plaintiff prays for attorneys' fees associated with the filing of the motion to remand.

## II.
### Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 357, 377 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. §

1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Under 28 U.S.C. § 1332, this federal court has original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

The removal statute at 28 U.S.C. § 1446 (b) governs the timing of removal. Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). To trigger § 1446(b)'s initial 30-day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Id.*; *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action "within 30 days after receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The *Chapman* measure of the 'affirmatively reveals on its face' standard does not

-3-

apply to the second paragraph of section 1446(b), but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

### III.
### APPLICATION

The sole question presented by this motion is whether Plaintiff's November 1, 2023, discovery responses were "unequivocally clear and certain," so as to put Defendants on notice that the case is one which is or has become removable, within the meaning of 28 U.S.C. 1446(b)(3). Neither party disputes that the parties are of diverse citizenship,[1] that the amount in controversy exceeds $75,000, or that Defendants removed the case more than 30 days after receipt of the Petition. Neither party disputes that the initial pleading did not include a "specific allegation that damages are in excess of the federal jurisdictional amount" sufficient to commence § 1446(b)'s initial 30-day removal clock. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

Plaintiff proposes that the removal clock began running on November 1, 2023, when Plaintiff provided the following discovery responses:

**REQUEST FOR ADMISSION NO. 1:**

> Please admit that Plaintiff's, EUGENIO GARCIA, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, [redacted], amount in controversy for the above captioned lawsuit exceeds $75,000.00.

---

[1] In the Notice of Removal, Defendants allege that Plaintiff and his minor son are domiciled in Louisiana and citizens of Louisiana. Defendant Spartan Specialty Companies, LLC is alleged to take the Texas citizenship of its two members, Israel Garcia and Miguel Ochoa. Indian Harbor Insurance Company is alleged to be incorporated under the laws of North Dakota or Delaware and maintain its principal place of business in Connecticut, making it a citizen of Connecticut and either North Dakota or Delaware. Individual defendants Mike Balderas and Reginald L. Toussant, who have not yet made an appearance, are alleged to be citizens of Texas. Doc. 1, p. 2-3. Plaintiffs "acknowledge the complete diversity between the parties." Doc. 9, att. 1, p. 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects to this Interrogatory to the extent that it seeks itemization of damages that is not susceptible to itemization. Plaintiff also objects to this interrogatory as unduly burdensome and overly broad and seek information irrelevant to the subject matter of this litigation on account of the collateral source rule. Further, Plaintiff objects to this Interrogatory in that Louisiana law does not allow for the Plaintiff to specifically seek a monetary amount. The value of Plaintiff's general damages is a legal determination to be decided by the trier of fact. Subject to the stated objection and without waiving same, Plaintiff seeks general damages that are reasonable in the premises to compensate him for his medical expenses, lost wages, pain and suffering, loss of enjoyment of life, and mental and emotional distress associated with the injuries that he received in the accident.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:**

If your response to Request for Admission No. 1 was a denial, please sign and return the attached "Plaintiff's Stipulation to Damages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See the answer to RFA No. 1 .

Doc. 9, att. 3, pp. 2-3. The attached proposed stipulation asked Plaintiff to stipulate "that all matters in controversy in the above captioned lawsuit together do not exceed the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs." Doc. 9, att. 3, p. 5. Plaintiff did not sign and return the stipulation. Doc. 9, att. 1, p. 6. Plaintiff argues that in "declining to sign such stipulation, he expressly incorporated an admission relative to his damages exceeding $75,000." Doc. 9, att. 1, p. 6.

The discovery responses Plaintiffs provided to defendant on November 1, 2023, were ambiguous as to the amount in controversy. Plaintiff neither admitted nor denied Request for Admission No. 1; and having not denied the request, arguably Plaintiff was not required to sign the proposed stipulation that was the subject of Request for Production No. 1. In other words, Plaintiff declined to admit that the damages exceed the $75,000 jurisdictional threshold and declined to stipulate that his damages were below the $75,000 jurisdictional threshold. This does

-5-

not meet the "unequivocally clear and certain" standard, which was intended to reduce protective removals by making defendants less likely to act on equivocal information. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002). The denial of the request for admission "is the 'functional equivalent of a refusal to stipulate to an amount in controversy below $75,000,' and a '[r]efusal to concede is not a statement of fact and cannot support jurisdiction.'" *Medrano v. KLLM Transportation Servs. LLC*, No. CV 21-581-BAJ-EWD, 2022 WL 17833284, at *7 (M.D. La. Aug. 30, 2022) (quoting *Dunlap v. Cockrell*, 336 F.Supp.3d 1364, 1367 (S.D. Ala. Sept. 18, 2018)).

Defendants argue the removal clock began running on December 5, 2023, when they received discovery responses including medical records and pay stubs. Doc. 1. Defendants assert that the discovery responses, which provide information about the average number of hours Plaintiff worked per week, his hourly and overtime wage rates, and the work time missed since the date of the incident, allowed Defendants to estimate that his claim for lost wages exceeded $77,000 at that time. Doc. 1, p. 5. The discovery responses also contained medical records providing additional detail as to the progress of Plaintiff's diagnosis and treatment over the preceding months. Plaintiff was diagnosed with lumbar radiculopathy and a left-sided transverse process facture at the L2 lumbar level, had undergone an MRI in September 2022, and had received some treatment in February and September 2023 at the L3-L4, L4-L5, and L5-S1 vertebral levels. *Id.*

Considering the above, it appears that the amount in controversy was first ascertainable on receipt of the December 5, 2023, discovery responses. Accordingly, the notice of removal filed within 30 days of receipt of that "other paper" was timely. 28 U.S.C. § 1446(b)(3). The motion to remand should be denied.

## IV.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED.** Plaintiff's request for attorneys' fees is likewise denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 9th day of September, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**